**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERRY G. BURGOS,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:07-1948 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **ROBERT D. SHANNON** | : | |
| **PA STATE ATTORNEY GENERAL,** | | |
| | : | |
| Respondent | | |

**REPORT AND RECOMMENDATION**

On October 24, 2007, the petitioner, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction and sentence imposed in the Court of Common Pleas of Monroe County. (Doc. 1). The petitioner paid the filing fee. (Doc. 1).

The respondent filed its response to the habeas petition on April 1, 2008, and submitted Exhibits 1-6 on April 7, 2008. (Doc. 6 & Doc. 7). The petitioner did not file a traverse. The respondent addressed the merits of the petitioner's habeas petition in its response; however, it is evident that the petitioner's habeas petition is untimely.

By way of background, the petitioner was charged with first degree murder, arson and abuse of a corpse. The charges stemmed from a fire on May 31, 1988, which destroyed the petitioner's home, where he lived with his wife and two young children. The remains of the petitioner's wife, who was seven months pregnant, was found by firefighters. The petitioner was convicted of first degree murder, two counts of arson endangering property, and abuse of a corpse, and was sentenced to death. On May 18, 1992,

following a direct appeal, the judgment of sentence was reversed and the case remanded for a new trial. (Doc. 1, Ex. A).

The petitioner's second trial commenced on March 15, 1993, resulting in his conviction for first degree murder, arson endangering property and abuse of a corpse. After post-trial motions were denied, the petitioner's sentence was formally imposed on May 26, 1995. The petitioner was sentenced to life imprisonment for first degree murder, and 5-10 years imprisonment for arson to run consecutively with the life sentence. The petitioner filed a direct appeal to the Pennsylvania Superior Court, which affirmed the sentence on September 25, 1995. The Supreme Court of Pennsylvania denied a Petition for Allowance of Appeal on December 29, 1995. (Doc. 1, Ex. A & Doc. 1, Ex. B).

On December 31, 1996, the petitioner, through counsel, filed a post-conviction petition with the Court of Common Pleas of Monroe County. The petitioner was granted numerous continuances and extensions of time in order to obtain DNA testing on previously untested evidence stemming from the 1988 crime.  A hearing was scheduled on the PCRA petition for October 25, 2004, after which an Opinion was issued on January 5, 2005, denying the petition. (Doc. 1, Ex. A). The petitioner filed an appeal to the Pennsylvania Superior Court, which issued a memorandum opinion, affirming the lower court's decision, dated January 5, 2006. (Doc. 1, Ex. B). A petition for allowance of appeal to the Pennsylvania Supreme Court was denied by order dated October 25, 2006. (Doc. 1, Ex. C).

The petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"). Pursuant to the AEDPA, a habeas petition must be filed in a timely manner. The provision of the AEDPA relevant to the instant matter provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).  *See generally* *Fahy v. Horn,* 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001); *Lovasz v. Vaughn,* 134 F.3d 146 (3d Cir.1998).

Although the respondent did not raise the issue of timeliness in its response, a federal court may raise the AEDPA statute of limitations issue

3

*sua sponte*.  See *Day v. McDonough*, 547 U.S. 198, 209 (2006)(holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").

In this case, the petitioner's conviction became final when the Supreme Court denied the petitioner's request for allowance of appeal on December 29, 1995.  The AEDPA one-year statute of limitations did not begin to run until the statute's effective date of April 24, 1996.  The petitioner would have had one year from that date, or until approximately April 24, 1997, in which to seek federal habeas review.

On December 31, 1996, the petitioner filed a proper post-conviction petition.  Thus, the statute of limitations ran for approximately 8 months from April 24, 1996, until December 31, 1996.  That post-conviction petition was pending until October 25, 2006, when the Pennsylvania Supreme Court denied the petition for allowance of appeal.  Therefore, the limitations period was tolled during this time.

However, the petitioner did not file the instant action until October 24, 2007, a year after the Pennsylvania Supreme court denied his petition for allowance of appeal on his post-conviction petition.  This one year period, plus the 8 months between the date the petitioner's conviction became final and the filing of his post-conviction petition, places the petitioner's habeas petition well outside of the limitations period.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**
the petition for writ of habeas corpus, **(Doc. 1)**, be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** January 29, 2009
O:\shared\REPORTS\2007 Reports\07-1948-01.wpd

4