# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY G. BURGOS**, | : | CIVIL ACTION NO. 1:07-CV-1948 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ROBERT D. SHANNON** | : | |
| **PA STATE ATTORNEY GENERAL**, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 3rd day of April, 2009, upon consideration of the report of the magistrate judge (Doc. 10), to which no objections were filed, recommending dismissal of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and, following an independent review of the record, it appearing that the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period on the filing of such motions, see 28 U.S.C. § 2244(d), that petitioner's conviction became final on December 29, 1995, prior to AEDPA's effective date, (see Doc. 1 at 4), and that petitioner's one-year limitations period therefore commenced when the Act became effective on April 24, 1996, see Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("Even under § 2244(d)(1)'s time limitation, would-be petitioners are afforded one full year to prepare and file their habeas petitions, and as of April 24, 1996, have been placed on notice of this time constraint."), and it further appearing that petitioner commenced a proceeding under the Pennsylvania Post Conviction Relief Act on December 31, 1996, after

approximately eight months of the limitations period had expired, (Doc. 1 at 5), that the AEDPA limitations period was tolled during the pendency of this proceeding, see 28 U.S.C. § 2244(d)(2), and that the collateral proceeding terminated on October 25, 2006, when the Pennsylvania Supreme Court denied his petition for allowance of appeal, (Doc. 1 at 10), and the court concluding that the remaining four months of petitioner's AEDPA limitations period commenced on the same date and expired in February 2007, and that petitioner's filing of the instant action on October 24, 2007 —approximately eight months after the expiration of the limitations period—is therefore untimely,[1] (see Doc. 1), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 10) is ADOPTED.

2. The petition for a writ of habeas corpus is DISMISSED pursuant to 28 U.S.C. § 2244(d).

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1).

4. The Clerk of Court is instructed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Although respondent did not raise the issue of the timeliness in his response, the court recognizes that such issues may be raised *sua sponte*. See Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004).